# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Case No. 08-10600 (BLS) |
| ) | |
| KCMVNO, INC., a Delaware Corporation, ) | Chapter 11 |
| ) | |
| Post-Confirmation Debtor. ) | |
| _____ ) | |
| ) | |
| CLEAR THINKING GROUP LLC, as Trustee, ) | |
| ) | |
| Plaintiff, ) | Adv. Pro. No. 10-50730 (BLS) |
| v. ) | |
| ) | |
| BRIGHTSTAR US, INC. ) | |
| ) | |
| Defendant. ) | Re: Docket Nos. 24 and 31 |
| _____ ) | |

| | |
|---|---|
| David W. Carickhoff | Mark Minuti |
| BLANK ROME LLP | Lucian Murley |
| 1201 N. Market Street | SAUL EWING LLP |
| Suite 800 | 222 Delaware Ave, Suite 1200 |
| Wilmington, Delaware 19801 | P.O. Box 1266 |
| | Wilmington, Delaware 19899 |
| -and- | |
| | -and- |
| Edward J. LoBello | |
| Alan E. Marder | John H. Culver, III |
| Jil Mazer-Marino | John R. Gardner |
| MEYER, SUOZZI, ENGLISH & KLEIN, P.C. | K&L GATES LLP |
| 1350 Broadway, Suite 501 | 4350 Lassiter at North Hills Ave |
| P.O. Box 822 | Suite 300 |
| New York, New York 10018 | Raleigh, North Carolina 27619 |
| | |
| *Counsel to Clear Thinking Group LLC, as Trustee* | *Counsel to Brightstar US, Inc.* |

# OPINION[1]

Before the Court is an amended motion to dismiss (the "Motion") [Docket No. 24] brought by Brightstar US, Inc. ("Brightstar") seeking partial dismissal of the Amended Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 502, 547, and 550 (the "Complaint") [Docket No. 22] filed by Clear Thinking Group LLC, as Trustee (the "Trustee"). The Complaint asserts three counts. Count I seeks avoidance and recovery of allegedly preferential transfers made within ninety days of the Petition Date (as defined below) pursuant to Bankruptcy Code sections 547(b) and 550(a). Count II seeks avoidance and recovery of allegedly preferential transfers made within one year of the Petition Date pursuant to Bankruptcy Code sections 547(b) and 550(a). Count III seeks disallowance of claims by Brightstar against the above-captioned debtor pursuant to Bankruptcy Code section 502(d). By the Motion, Brightstar seeks dismissal of Count II for failure to state a claim upon which relief may be granted. For the following reasons, the Court will grant the Motion without prejudice.

## I. BACKGROUND

Defendant Brightstar is the US-based subsidiary of Brightstar Corp. ("BCS"), a global distributor and supply chain solution provider for the wireless industry. Before its chapter 11 filing on March 31, 2008 (the "Petition Date"), Movida Communications, Inc. ("Debtor" or "Movida") was a "mobile virtual network operator" that provided prepaid wireless voice and data communications services. Prior to the Petition Date, Movida and Brightstar entered into that certain Mutual

---

[1] "The court is not required to state findings or conclusions when ruling on a motion under Rule 12 . . ." Fed. R. Bankr. P. 7052(a)(3). Accordingly, the Court herein makes no findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Nondisclosure Agreement dated December 22, 2004 (the "NDA"), which allowed Brightstar to receive confidential and proprietary information regarding Movida to evaluate a prospective business relationship between the parties. Thereafter, the parties entered into that certain Agreement to Provide Products and Logistical Services dated as of May 26, 2005 (as amended and restated, the "Agreement"). (Compl. ¶ 10). By the Agreement, Brightstar agreed to sell Movida cellular handsets/accessories and provide related services. (Id.). The Complaint alleges that Brightstar improperly used its influence over Movida to improve its position as a supplier and to cause Movida to purchase unneeded goods and services. (Id. at ¶ 26).

BSC, Brightstar's parent company, allegedly held a 16% equity stake in Movida and represented itself as Movida's business partner. (Id.). An employee of BSC sat on Movida's board of directors both before and after Movida reduced the number seats on its board from nine to six in 2007. (Id.). By its designated board member, BSC is alleged to have influenced and controlled Movida and its business decisions related to Brightstar. (Id.).

On March 3, 2009, the Court confirmed the Debtor's Amended Chapter 11 Plan of Liquidation, dated January 4, 2009 (the "Plan) [See Docket Nos. 380, 442]. Pursuant to the Plan and related documents, the Trustee was appointed and authorized to prosecute certain causes of action, including this adversary proceeding. Approximately a year after confirmation of the Plan, the Trustee filed the Complaint; thereafter, Brightstar filed the Motion. Brightstar has requested oral argument on the Motion, which request the Court will decline. This matter has been fully briefed and is ripe for decision.

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (F).

## III. STANDARD OF REVIEW

Brightstar seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the sufficiency of a complaint's factual allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). A court's fundamental inquiry in the Rule 12(b)(6) context is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982).

To decide a motion to dismiss, a court must "accept all well-pleaded allegations in the complaint as true, and view them in the light most favorable to the plaintiff." Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004); Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). In addition, all reasonable inferences are drawn in favor of the plaintiff. Kost, 1 F.3d at 183.

Following the Supreme Court's recent rulings on Rule 12(b)(6) in Twombly and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Third Circuit recognized that reviewing a Rule 12(b)(6) motion requires a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding

the legal conclusions. Id. at 210-11. Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a plausible claim for relief." Id. at 211 (internal quotations omitted). Put another way, "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S. Ct. at 1949 (internal citations and quotations omitted).

Federal Rule of Civil Procedure 8 also requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).[2]  These standards govern the Motion.

## IV. THE PARTIES' POSITIONS

**A.     Defendant's Position**

Brightstar argues that Count II, which asserts that Brightstar received preferential transfers between ninety days and one year of the Petition Date, should be dismissed because the Complaint fails to sufficiently allege that Brightstar is a statutory or non-statutory insider of Movida. Brightstar first argues that the Complaint does not allege any facts to support an inference that Brightstar falls within the statutory definition of an insider. See 11 U.S.C. § 101(31).

Brightstar then argues that the facts alleged in the Complaint fail to support an inference that Brightstar was a non-statutory insider of Movida for lack of arm's length dealings, as required by Schubert v. Lucent Techs. Inc. (In re Winstar Comm'ns Inc.), 554 F.3d 382 (3d Cir. 2009).

---

[2]     Fed. R. Civ. P. 8 is applicable here pursuant to Fed. R. Bankr. P. 7008.

Brightstar posits that the following facts alleged in the Complaint do not provide a basis for the Court to infer non-statutory insider status: (i) Movida identified Brightstar as an insider on its Statement of Financial Affairs; (ii) Brightstar was one of Movida's critical vendors and largest unsecured creditor; (iii) the renegotiation of the Agreement and existence of the NDA; and (iv) payment to Brightstar by wire transfer. Brightstar contends that these allegations are either irrelevant or indicative of a normal arm's length business relationship. Brightstar argues that the Complaint's remaining allegations relating to the relationship between Movida and BSC lack probative value because no facts are pled that would allow veil-piercing or attribution of BSC's actions to Brightstar. In sum, Brightstar argues that the facts alleged in the Complaint do not provide a plausible basis for the Court to draw the inference that Brightstar is a non-statutory insider.

**B.      Plaintiff's Position**

The Trustee argues that the Complaint alleges sufficient facts demonstrating that Brightstar is an insider because the close relationship between Movida and BSC/Brightstar allowed BSC/Brightstar to control Movida. The Trustee points to the specific allegations in paragraph twenty-six of the Complaint as support for this proposition and focuses on the connections between BSC and Movida and Movida's possession of unsold Brightstar inventory worth approximately $5 million on the Petition Date. The Trustee asserts that, pursuant to <u>Winstar</u>, it need not plead facts related to veil-piercing, but simply facts showing something other than an arm's length relationship between the parties. The Trustee further argues that it is entitled to discovery prior to dismissal of the Complaint because, to-date, the Trustee has lacked access to Movida's personnel.

## V. **DISCUSSION**

The Third Circuit recently addressed the issue of non-statutory insiders in the preference context in Schubert v. Lucent Techs. (In re Winstar Comm'ns., Inc.), 554 F.3d 382 (3d. Cir. 2009). In Winstar, a chapter 11 trustee asserted claims against Lucent Technologies, Inc. ("Lucent"), a prepetition vendor and lender of the debtor ("Winstar"). Id. at 395. The trustee alleged that Lucent's insider status was illustrated by, inter alia: (i) Winstar's purchase of hundreds of millions of dollars of unneeded and over-priced Lucent inventory and software; (ii) Lucent's treatment of Winstar as a captive buyer; and (iii) Winstar employees, at Lucent's request, undertaking improper transactions that only benefitted Lucent. Id. at 397. One particularly egregious example of Lucent's coercion was Winstar's payment to Lucent of $135 million for "software [Winstar] did not need, did not use, and [that] had a fair market value of substantially less than the contract price." Id. at 398.

After trial, the bankruptcy court determined that the inordinate leverage Lucent wielded over Winstar meant that the parties were not dealing at arm's length and Lucent was a Winstar insider. Id. at 396. Lucent appealed and argued that application of either statutory or non-statutory insider status requires a creditor to exert actual control over a debtor. Id. at 395. The Third Circuit disagreed with Lucent and found that "it is not necessary that a non-statutory insider have actual control; rather, the question 'is whether there is a close relationship [between the debtor and creditor] and . . . anything other than closeness to suggest that any transactions were not conducted at arm's length.'" Id. at 396-97 (quoting In re U.S. Medical, Inc., 531 F.3d 1272, 1277 (10th Cir. 2008)). The court then affirmed the bankruptcy court's determination that the trustee had alleged sufficient facts to demonstrate Lucent's insider status. Id. at 397.

In <u>Winstar</u>, the alleged and proven facts amply explain how Lucent used Winstar as a mere instrumentality to stabilize and embellish its financial position at key times. Lucent was not only able to negotiate and enforce extremely favorable contract provisions, but received benefits beyond those specifically bargained for in its contract. The contractual and gratuitous benefits obtained by Lucent led the Third Circuit to determine that the parties' "one-sided transactions refute any suggestion of arm's length dealing." <u>Id.</u> at 399. The Trustee unconvincingly attempts to draw parallels between the facts of <u>Winstar</u> and Complaint's allegations.

In the Rule 12(b)(6) context, <u>Winstar</u> requires a court to determine whether a complaint adequately alleges facts supporting inferences of (i) a close relationship, and (ii) dealings not at arm's length. <u>See id.</u> at 396-97. As explained below, the Complaint fails to sufficiently allege facts supporting either inference. First, the alleged facts regarding Movida's relationship with Brightstar are not probative of anything other than a normal supplier/purchaser relationship. Such allegations include the renegotiation of the Agreement, the presence of the NDA, Brightstar's use of Movida's logos, and Brightstar's position as a critical vendor and Movida's largest unsecured trade creditor. The Court cannot infer a close relationship, for insider purposes, from these facts.

Similarly, the allegation that "[Movida] was being operated for the benefit of [Brightstar]" simply because "during the one-year period immediately preceding the Petition Date, [Movida] wired [Brightstar] in excess of $39,000,000, notwithstanding [Movida's] tailspin into insolvency" is conclusory and not entitled to a presumption of truth. (Compl. ¶ 26(h)). The Complaint does not allege that these payments were gratuitous or not contractually required and do not support an inference that Movida was operated for Brightstar's benefit. The additional allegation that Brightstar, Movida's largest supplier and a critical vendor, bargained for and received different

contractual rights than Movida's other creditors does not raise a close relationship for insider purposes. By contrast, the facts supporting a close relationship in Winstar showed that Lucent used the debtor as a mere instrumentality to embellish its reported revenue and was able to dictate the debtor's purchasing. See id. at 397-400. There are no comparable allegations here.[3]

The above allegations also fail to support an inference that Brightstar and Movida did not deal at arm's length. Furthermore, the fact that Movida possessed Brightstar inventory on the Petition Date is not probative of coercive or illicit dealings and the Trustee's attempt to liken the Complaint's allegations to the facts of Winstar are unavailing. Unlike in Winstar, the Complaint does not allege that Movida overpaid for inventory, was forced to purchase inventory above contractually-specified amounts at Brightstar's demand, or that Brightstar's financial success was heavily tied to the parties' dealings. The Complaint's conclusory allegation that Brightstar "utilized its relationship with the Debtor to cause the Debtor to purchase more goods and services from Defendant than the Debtor actually needed" is unsupported by specific facts. (See Compl. ¶ 26). For example, the Complaint does not indicate how much inventory Movida was contractually required to purchase, whether such amounts were purchased, how much inventory Movida typically kept in-stock, or how Brightstar coerced Movida into taking actions not in its best interest. The simple fact that Movida had Brightstar inventory on hand on the Petition Date does not allow the Court to draw an inference of a close relationship or untoward dealings.

The remaining allegations relate to BSC, Brightstar's parent, and include that (i) BSC held a 16% equity stake in Movida and represented itself as Movida's business partner or joint venturer,

---

[3] The allegation that Brightstar did not object to Movida's self-serving characterization of Brightstar in its Statement of Financial Affairs as an insider has no probative value and does not assist the Court in drawing an inference that Brightstar is an insider.

and (ii) BSC had a designated board member on Movida's board of directors both before and after Movida reconstituted its board from nine to six members in November of 2007.  (See Compl. ¶ 26). There are, however, no veil-piercing, agency, or other allegations to support imputing BSC's actions to Brightstar.  The alleged facts do not allow the Court to draw an inference that Brightstar is an insider of Movida.  See Official Comm. of Unsecured Creditors of Champion Enters., Inc. v. Credit Suisse, Adv. Case No. 10-50514 (KG), slip op. at 18-19 (Bankr. D. Del. Sept. 1, 2010) (refusing to attribute related entity's actions to corporate affiliate absent specific factual allegations supporting veil piercing and dismissing equitable subordination claim).

Following Iqbal, to survive a motion to dismiss, a complaint must contain allegations that are more than simply consistent with liability.  See Iqbal, 129 S. Ct. at 1949.  By stating bare conclusions and facts supportive of nothing more than a normal supplier/purchaser relationship, the Trustee has failed to allege sufficient facts from which the Court could infer that Brightstar is an insider.[4]

---

[4]  The non-statutory insider determination is a case-specific factual inquiry.  Although the two-part inquiry mandated by Winstar provides a useful baseline, this Court does not construe Winstar to be so broad as to permit application of insider status whenever a debtor has an unique relationship with an entity.  The Court reads Winstar together with Iqbal and Twombly to require a plaintiff to plead specific facts, as opposed to conclusory theories, supporting inferences of a close relationship and a lack of arm's length dealings.  In so doing, the Court attempts to curtail the risk that Winstar is inopportunely used as a vehicle to allege that insider liability should attach to ordinary market participants who deal with the debtor.

## VI. CONCLUSION

For the foregoing reasons, the Court will grant the Motion without prejudice. An appropriate Order follows.

By the Court,

Dated: October 15, 2010

Brendan Linehan Shannon
United States Bankruptcy Judge